UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────

CHAUNCEY GIRARD,

                              Plaintiff,                    Civil Action No.
                                                           9:22-CV-0339
                    v.                                     (DNH/TWD)

ST LOUIS, C.O. HOIT, SGT GOYENA,
SGT DOWD, C.O. ELI, C.O. BALLMAN,
C.O. CASTAGNIER, SGT MORALE,
SGT HANNA, RN TYLES, and DR.
KENNETH CORSE,

                              Defendants.

─────────────────────────────

APPEARANCES:                                  OF COUNSEL:

CHAUNCEY GIRARD
11-A-1352
Plaintiff, pro se
Franklin Correctional Facility
P.O. Box 10
Malone, NY 12953

DAVID N. HURD
United States District Judge

**DECISION AND ORDER**

**I.  INTRODUCTION**

On April 11, 2022, *pro se* plaintiff Chauncey Girard ("Girard" or "plaintiff"), an inmate in

the custody of the New York State Department of Corrections and Community Supervision

("DOCCS"), commenced this action with the filing of a complaint.  Dkt. No. 1.

On May 31, 2022, the Court issued a Decision and Order granting Girard's application

to proceed in the action in forma pauperis ("IFP") and reviewing the sufficiency of the

complaint pursuant to 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A").  Dkt. No. 5 ("May Order").

The May Order accepted Girard's complaint for filing with respect to the following claims: (1) Eighth Amendment claims asserted against defendants St. Louis, Hoit, Goynea, Dowd, Eli, Castagnier, Ballman, Hanna, and Morale; (2) Fourteenth Amendment equal protection claims asserted against defendants Castagnier and Ballman; and (3) First Amendment retaliation claims asserted against defendants St. Louis and Goyena.  May Order at 16-17.

However, the remaining claims asserted in Girard's complaint were ordered dismissed without prejudice pursuant to Sections 1915(e) and 1915A(b).  *Id.* at 17.  Plaintiff was directed to provide nine complete copies of his complaint in order for the United States Marshal Service ("USMS") to effectuate service of process on defendants St. Louis, Hoit, Goyena, Dowd, Eli, Castagnier, Ballman, Hanna, and Morale.  *Id.*

On June 22, 2022, instead of complying with the Court's directive in the May Order, Girard filed an amended complaint.  Dkt. No. 9-1.  Two days later, the Court received another version of plaintiff's amended complaint, Dkt. No. 10-1 ("Am. Compl."), which supersedes the earlier amended complaint (received on June 22) in its entirety.  Also pending before the Court are two motions for a temporary restraining order ("TRO") filed by plaintiff on June 30, 2022, and July 13, 2022.  Dkt. Nos. 11-12.

The Clerk has now forwarded the amended complaint and the motion for TROs to the Court for review.

## II. REVIEW OF THE AMENDED COMPLAINT

### A. Governing Legal Standard

The legal standard governing the Court's review of a pleading pursuant to Sections 1915 and 1915A was discussed at length in the May Order and will not be restated in this Decision and Order.  *See* May Order at 2-4.

### B. Summary of the Amended Complaint

At all times relevant to the claims in this action, Girard was confined in Franklin Correctional Facility ("Franklin C.F."), a facility operated by DOCCS.  *See generally* Am. Compl.  While the amended complaint is not a model of clarity, the Court has extracted the following facts from the pleading.

Girard arrived at Franklin C.F. in April of 2021 with preexisting injuries to his back, shoulder, stomach, and right eye.  Am. Compl. at 5.

On or about July 11, 2021, at approximately 5:00 PM, defendants St. Louis and Hoit assaulted Girard while defendant Goyena witnessed one or both of the assaults.  *Id.*  Plaintiff was treated by defendant Tyles[1] for his injuries, but she denied plaintiff pain medication.  *Id.* at 6.  Plaintiff alleges that he told defendant Barber that "her officers" had assaulted him but that she did not help him.  *Id.*  Defendant Pretty also told plaintiff she could not provide medical treatment because he alleged correctional staff assaulted him.  *Id.*  On an unidentified date, defendant Tyles removed plaintiff's stitches by "twisting and pulling" them,

---

[1]  In the original complaint, plaintiff identified this defendant as "Tyler."  *See, e.g.,* Dkt. No. 1 at 1, 5.  The Clerk is respectfully directed to modify the docket to reflect the new spelling ("Tyles") of this defendant's last name.

"ripping them out to hurt [plaintiff]."  *Id.*  Defendant Dowd retaliated against plaintiff for filing a grievance by sexually assaulting him.  Am. Compl. at 6.

Girard was approved for a transfer to a different facility.  Am. Compl. at 6.  Defendant Martin told plaintiff he "had to [sic] many bags of property."  *Id.*  The next day, plaintiff "never left on the draft," and upon receiving his legal papers back, "some [were] missing."  *Id.*  This "hurt [plaintiff's] pending law suit [sic] . . . [and he was] denied work release."  *Id.*  Plaintiff "was never transferred" because of defendant Anthony Annucci's "vindictive" retaliation against plaintiff for his lawsuits.  *Id.* at 6-7.

On or about February 14, 2022, during a call out to the law library (where defendant Eli was the law library clerk), Girard was assaulted by defendants Ballman and Castagnier while defendants Morale and Hanna watched without intervening.  Am. Compl. at 7-8.  Plaintiff was transferred to at an outside hospital for his injuries by defendant Dr. Kenneth Corse.  *Id.* at 8.  Defendant Corse, however, refused to treat plaintiff, who presented with a "face three times its normal size," because plaintiff reported that he was assaulted by correctional staff.  *Id.*

On or about February 20, 2022, defendant Rodgers directed a derogatory slur at Girard.  Am. Compl. at 8.

Defendant Wilcox failed to file plaintiff's grievance as a sexual assault claim and did not process any of plaintiff's further grievances.  Am. Compl. at 8.  Defendant Trombley did not act on plaintiff's grievances.  *Id.*  Defendant Bero denied plaintiff's Freedom of Information Law ("FOIL") request.  *Id.*  Defendant Ojida interviewed plaintiff regarding a grievance but did not take any action.  *Id.*  Defendant Bangari denied plaintiff due process.  *Id.*

Defendant Pretty "put [plaintiff] in for the wrong procedures . . ., giv[ing plaintiff] physical therapy without first know[ing] the medical problem."  Am. Compl. at 9.

4

Defendant Franklin C.F. Superintendent Danforth "put [plaintiff] in harms [sic] way by putting [plaintiff] and [defendant] St. Louis together after [defendant St. Louis] assaulted [plaintiff]."  Am. Compl. at 9.

Liberally construed, Girard's amended complaint asserts (1) Eighth Amendment excessive force, sexual assault, failure to intervene, and failure to protect claims against defendants St. Louis, Hoit, Goyena, Dowd, Ballman, Castagnier, Morale, Hanna, Eli, and Danforth; (2) Eighth Amendment deliberate medical indifference claims against defendants Tyles, Barber, Pretty, and Corse; (3) First Amendment denial of access to courts claim against defendant Martin; (4) First Amendment retaliation claims against defendants Dowd, Annucci, Castagnier, Ballman, Morale, and Hanna; and (5) Fourteenth Amendment claims against defendants Castagnier, Ballman, Rodgers, Wilcox, Trombley, Bero, Ojida, and Bangari.  *See generally* Am. Compl.

For a complete statement of plaintiff's claims, reference is made to the amended complaint.

### C.  <u>Analysis</u>

Girard's claims are brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  "Section 1983 itself creates no substantive rights[ but] provides . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

**1.  Claims That Survived the Court's Initial Review of the Original Complaint**

After reviewing the original complaint pursuant to its obligations under Sections 1915 and 1915A, the Court concluded that following claims survived and the respective defendants were required to respond to the pleading:

> (1)   Eighth Amendment claims asserted against defendants St. Louis, Hoit, Goyena, Dowd, Eli, Castagnier, Ballman, Hanna, and Morale;
>
> (2)   Fourteenth Amendment equal protection claims asserted against defendants Castagnier and Ballman; and
>
> (3)   First Amendment retaliation claims against defendants St. Louis and Goyena.

*See* May Order at 16-17.

The following analysis concerns those specific claims.

**a.  Eighth Amendment Claims**

Mindful of the Court's obligation to liberally construe a pro se litigant's pleadings, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.33d 185, 191 (2d Cir. 2008), the Court finds, for the limited purposes of the Court's review under Sections 1915 and 1915A, that the amended complaint includes sufficient allegations supporting Eighth Amendment excessive force, sexual assault, and/or failure to intervene claims asserted against defendants St. Louis, Hoit, Goyena, Dowd, Eli, Castagnier, Ballman, Hanna, and Morale.

Defendants St. Louis, Hoit, Goyena, Dowd, Eli, Castagnier, Ballman, Hanna, and Morale are directed to respond to the amended complaint insofar as it asserts Eighth Amendment excessive force, sexual assault, and/or failure to intervene claims against them. In so ruling the Court expresses no opinion as to whether any of the foregoing claims can withstand a properly filed dispositive motion.

**b.** <u>**Fourteenth Amendment Claims Asserted Against Castagnier and Ballman**</u>

Like plaintiff's original complaint, the amended complaint alleges that defendants Castagnier and Ballman directed racial slurs at plaintiff during the assault on February 14, 2022.  Am. Compl. at 7.

The Court has liberally construed these allegations as asserting Fourteenth Amendment equal protection claims against those individuals and will require defendants Castagnier and Ballman to respond to the amended complaint with respect to these claims. *See, e.g., Vilkhu v. City of New York*, No. 06-CV-2095, 2008 WL 1991099, at *5 (E.D.N.Y. May 5, 2008).  In so ruling the Court expresses no opinion as to whether any of the foregoing claims can withstand a properly filed dispositive motion.

**c.** <u>**First Amendment Claims Asserted Against St. Louis and Goyena**</u>

The legal standard governing First Amendment retaliation claims was set forth in the May Order and will not be restated in this Decision and Order.  *See* May Order at 15.

Because plaintiff's original complaint alleged that defendants St. Louis and Goyena retaliated against plaintiff for reporting their involvement in the assault that occurred on July 11, 2021, by issuing him a false misbehavior report and housing him in the back of Franklin C.F., the Court concluded that plaintiff's retaliation claims against defendants St. Louis and Goyena survived initial review.  *See* May Order at 15-16.

In plaintiff's amended complaint, however, there are no allegations that plaintiff engaged in any constitutionally protected activity or that defendants St. Louis and Goyena acted with retaliatory animus towards plaintiff.  While the amended complaint alleges that defendant Goyena issued him a false misbehavior report following the assault, the pleading

alleges that defendant Goyena did so to "try[] to cover . . . up [the assault]" – not in retaliation for any of plaintiff's conduct.  Am. Compl. at 5.

Plaintiff also similarly alleges that he was "still put in the Back of facility with injuries on top of injuries that was already made worst by the assault," *id.* at 5-6 (errors in original), but those allegations do not plausibly suggest that either defendant St. Louis or defendant Goyena decided to house plaintiff in that part of the prison or did so in retaliation for any of plaintiff's protected constitutional activity.

Accordingly, to the extent the amended complaint purports to assert First Amendment retaliation claims again against defendants St. Louis and Goyena, those claims are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

## 2. <u>Claims in the Original Complaint that Plaintiff Attempts to Revive</u>

The amended complaint also includes allegations that relate to claims previously dismissed by the Court in its May Order.  More specifically, plaintiff attempts to revive the following claims: (1) verbal assault claim against defendant Rodgers, (2) claims against defendant Ojida, (3) Eighth Amendment deliberate medical indifference claims against defendants Tyles, Barber, and Pretty, (4) First Amendment denial of access to courts claim against defendant Martin, and (5) Fourteenth Amendment due process against defendant Bangari.

### a. <u>Verbal Assault Against Defendant Rodgers</u>

The amended complaint alleges only that defendant Rodgers directed a racial slur at plaintiff on February 20, 2022.  Am. Compl. at 8.  As explained in the May Order, verbal harassment is not cognizable under Section 1983.  *See* May Order at 7.  Accordingly,

plaintiff's claim against defendant Rodgers is dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

### b. Claims Against Defendant Ojida

Defendant Ojida is alleged to have "s[a]t on [a] grievance" of plaintiff's, "which would violate [plaintiff's] 1st and 8th Amendment right to petition the Court and right to receive [sic] the proper procedures for medical." Am. Compl. at 8.

Even liberally construed, these allegations fail to give rise to a cognizable constitutional violation. Although prisoners undoubtedly retain a First Amendment right to meaningfully access the courts and petition the government for redress, *see, e.g., Bounds v. Smith*, 430 U.S. 817, 824 (1977), the Constitution does not mandate that prisoners be provided access to a grievance procedure during their incarceration. *See Cancel v. Goord*, No. 00-CV-2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) (dismissing the amended complaint where the plaintiff alleged that the defendant "failed to process" his grievance because such allegations do not give rise to a constitutional claim); *accord, Shell v. Brzezniak*, 365 F. Supp. 2d 362, 369 (W.D.N.Y. 2005); *see also Justice v. Coughlin*, 941 F. Supp. 1312, 1316 (N.D.N.Y. 1996) ("[M]ere violations of an inmate grievance system do not violate the Constitution.").

For that reason, plaintiff's allegation that defendant Ojida failed to process one of his grievances fails to state a claim upon which relief may be granted and the claim is therefore dismissed pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

**c. Deliberate Indifference Claims Against Defendants Tyles, Barber, and Pretty**

The legal standard governing Eighth Amendment deliberate medical indifference claims was set forth in the May Order and will not be restated in this Decision and Order. *See* May Order at 9-10.

The allegations included in the amended complaint concerning defendants Barber and Pretty are the same as those set forth in plaintiff's original complaint.  More specifically, plaintiff alleges only that he told defendant Barber that officers assaulted him after the incident on July 11, 2021, but that she "was deliberately indifferent" and told plaintiff she could not help him because he accused officers of assaulting him.  Am. Compl. at 6.  As for defendant Pretty, plaintiff similarly alleges that she did not help plaintiff because he reported that officers had assaulted him.  *Id.*

As explained in the May Order, these allegations do not satisfy either the objective or subjective elements of a deliberate medical indifference claim.  *See* May Order at 10-11.  Accordingly, plaintiff's claims asserted against defendants Barber and Pretty are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Court reaches a different conclusion, however, with respect to defendant Tyles.  In addition to including the same allegations against this defendant as he did in his original complaint (i.e., that defendant Tyles refused to provide plaintiff with pain medication), the amended complaint also alleges that defendant Tyles removed plaintiff's stitches by "twisting and pulling, ripping them out to hurt [plaintiff]" and leaving an unnecessary scar.  Am. Compl. at 6.

Mindful of the Court's obligation to liberally construe a pro se litigant's pleadings, the Court will require defendant Tyles to respond to this claim asserted against her.  In so ruling, the Court expresses no opinion as to whether any of the claim can withstand a properly filed dispositive motion.

### d. Denial of Access to Courts Against Defendant Martin

The legal standard governing First Amendment court access claims was set forth in the May Order and will not be restated in this Decision and Order.  *See* May Order at 14. Plaintiff alleges that defendant Martin told him that he "had to [sic] many bags of property" when plaintiff was on draft to leave Franklin C.F. and that, the next day, upon receipt of his legal papers, he noticed "some missing."  Am. Compl. at 6.  Plaintiff further alleges that he "would be without [his] important Civil Papers in which [defendant Martin] would hurt [plaintiff's] pending Law suit."  *Id.*

Plaintiff's conclusory allegation that the confiscation of his legal papers "would" potentially "hurt" plaintiff in a pending lawsuit, without any further explanation of how he may be (or may have been) harmed, is not sufficient to support a cognizable court-access claim. *See, e.g., Liggins v. Parker*, No. 04-CV-0966, 2007-CV-2815630, at *10 (N.D.N.Y. Sept. 25, 2007) (dismissing a court-access claim because the plaintiff conclusorily alleged injury as a result of the defendants' conduct).  Accordingly, plaintiff's denial of court access claim asserted against defendant Martin is dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

### e. Due Process Against Defendant Bangari

The legal standard governing procedural due process claims was set forth in the May Order and will not be restated in this Decision and Order.  *See* May Order at 11.

Like the original complaint, plaintiff's amended complaint alleges that defendant Bangari violated plaintiff's due process rights and "giving [plaintiff] all sanction [sic]."  Am. Compl. at 8.  Also like the original complaint, the amended complaint fails to allege that defendant Bangari denied plaintiff a protected liberty interest.

Alleging that defendant Bangari gave plaintiff "all [the] sanction[s]" does not provide any description of a protected liberty interest.  Accordingly, plaintiff's procedural due process claim asserted against defendant Bangari is dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 3. New Claims

The amended complaint also asserts the following new claims: (1) Eighth Amendment failure to protect against defendant Danforth, (2) Eighth Amendment deliberate medical indifference against defendant Corse, (3) First Amendment retaliation claims against defendants Dowd, Annucci, Castagnier, Ballman, Morale, and Hanna, (4) Fourteenth Amendment claims against defendants Trombley, Wilcox, and Bero.

### a. Failure to Protect Against Defendant Danforth

The amended complaint newly alleges that defendant Danforth, the Franklin C.F. Superintendent, failed to protect plaintiff by "putting [plaintiff] and [defendant] St[. L]ouis together after [defendant St. Louis] assaulted [plaintiff] on" July 11, 2021.  Am. Compl. at 9.

To establish a "failure to protect" claim, the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm, and that prison officials acted with deliberate indifference to that risk and the inmate's safety.  *Farmer v. Brennan*, 511 U.S. 825, 836 (1994); *accord, Morgan*, 956 F.3d at 89.  With respect to the first prong, "the alleged deprivation must be, in objective terms, sufficiently serious."  *Morgan*, 956

F.3d at 89 (internal quotation marks omitted).  With respect to the second prong, deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837; *accord, Morgan*, 956 F.3d at 89.

In this case, while the amended complaint alleges that defendant St. Louis assaulted him on July 11, 2021, there are no allegations whatsoever that defendant St. Louis posed an excessive risk of harm to plaintiff after that incident or that defendant Danforth knew about any threat before placing plaintiff back under defendant St. Louis' care.  Plaintiff does not allege, for instance, that defendant St. Louis directed credible threats of harm to plaintiff after he was assaulted or that defendant Danforth knew of any reason that defendant St. Louis would harm plaintiff.  There are also no allegations that plaintiff suffered any harm or injury as a result of being placed under defendant St. Louis' care after the assault.

Because the amended complaint fails to sufficiently allege both that defendant St. Louis served as a threat to plaintiff's safety and that defendant Danforth was deliberately indifferent to that risk, the Eighth Amendment failure to protect claim asserted against defendant Danforth is dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).  *See, e.g., Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 271 (N.D.N.Y. 2018) (dismissing the plaintiff's failure to protect claim against a supervisory official because there were no allegations in the complaint linking the defendant-supervisor to any risk posed to the plaintiff).

### b. Deliberate Medical Indifference Claim Against Defendant Corse

The amended complaint newly alleges that, following the assault on February 14, 2022, he was transported to a hospital.  Am. Compl. at 8.  At the hospital, defendant Corse treated plaintiff.  *Id*.  According to plaintiff, he presented with "a face three times its normal size" and had an "orbital fracture."  *Id*.  Defendant Corse refused to provide plaintiff medical care because plaintiff reported that correctional staff assaulted him.  *Id*.

Mindful of the Court's obligation to liberally construe a pro se litigant's pleadings, the Court will require defendant Corse to respond to the deliberate medical indifference claim asserted against him.  In so ruling, the Court expresses no opinion as to whether the claim can withstand a properly filed dispositive motion.

### c. Retaliation Claims: Dowd, Annucci, Castagnier, Ballman, Morale, and Hanna

The amended complaint alleges that defendant Dowd retaliated against plaintiff for filing a grievance against him by sexually assaulting plaintiff on two occasions.  Am. Compl. at 6.  Mindful of the Court's obligation to liberally construe a pro se litigant's pleadings, defendant Dowd will be directed to respond to this retaliation claim asserted against him.  In so ruling, the Court expresses no opinion as to whether the claim can withstand a properly filed dispositive motion.

The amended complaint newly alleges that defendant Annucci was "vindictive due to [plaintiff's] legal actions pending against him."  Am. Compl. at 7.  There are no allegations, however, describing defendant Annucci's allegedly "vindictive" conduct.  Because the amended pleading fails to plausibly allege the adverse action and causation elements of a Section 1983 retaliation claim, the claim is dismissed as against defendant Annucci for failure

to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

The amended complaint also alleges that the assault on February 14, 2022 (carried out by defendants Castagnier and Ballman and witnessed by defendants Morale and Hanna) was "blatant retaliation" for plaintiff "suing officers."  Am. Compl. at 10.

The pleading otherwise fails, however, to allege any facts connecting plaintiff's legal actions to defendants' conduct on February 14, 2022.  Plaintiff does not specify for which legal action defendants retaliated, who the defendants in the legal action(s) are, whether any of defendants Castagnier, Ballman, Morale, and/or Hanna knew about the legal action(s) to which plaintiff refers, or that, more generally, those defendants specifically acted with the requisite retaliatory animus on February 14, 2022.

Without more, plaintiff's conclusory allegation that the defendants retaliated against him is not sufficient to support a cognizable claim.  Accordingly, plaintiff's retaliation claims asserted against defendants Castagnier, Ballman, Morale, and Hanna are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

### d. Claims Against Defendants Trombley, Wilcox, and Bero

Lastly, plaintiff's amended complaint newly alleges that defendants Trombley and Wilcox failed to file plaintiff's grievances, and that defendant Bero denied plaintiff's FOIL requests.  *See* Am. Compl. at 8-10.

With respect to defendant Bero, it is well settled that a plaintiff has no constitutionally protected interest in obtaining records under FOIL.  *See, e.g., Harris v. Corcoran*, No. 08-CV-0271, 2008 WL 5056612, at *2 (N.D.N.Y. Nov. 24, 2008); *Lawrence v. Antonucci*, No. 04-CV-

0356, 2005 WL 643457, at *3 (W.D.N.Y. Mar. 16, 2005); *Billups v. Millet*, No. 91-CV-6326, 1996 WL 99399, at *4 (S.D.N.Y. Mar. 6, 1996) ("FOIL documents are an expectation, even if awarded pursuant to court order.  N.Y. Pub. Off. Law §§ 84 et seq.  The statute does not require that documents be produced as of right, but only after request and investigation.").

Additionally, Section 1983 is not a proper vehicle for bringing a FOIL claim.  *See Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("Clearly, a violation of state law is not cognizable under § 1983.").  Rather, plaintiff's remedy for an alleged violation of FOIL is to appeal in writing within 30 days to the head, chief executive, or governing body of the entity.  N.Y. Pub. Off. L. § 89(4)(a).  A person denied access to a record in an appeal determination may then seek review pursuant to the state procedures outlined in Article 78 of the New York Civil Practice Law and Rules.  See N.Y. C.P.L.R. § 7801, et seq.; N.Y. Pub. Off. L. § 89(4)(b).

Accordingly, for the foregoing reasons, plaintiff's FOIL claims asserted against defendant Bero are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

With respect to plaintiff's claims against defendants Trombley and Wilcox, as discussed above in Part II.C.2.b of this Decision and Order, prisoners do not have a constitutionally protected right to access to a grievance system.  *See Cancel*, 2001 WL 303713, at *3; *Shell*, 365 F. Supp. 2d at 369; *Justice*, 941 F. Supp. at 1316.  Accordingly, plaintiff's claims against defendants Trombley and Wilcox are dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1).

III.  **MOTIONS FOR A TRO**

Plaintiff's first request for a TRO is based on allegations that plaintiff is still housed in Franklin C.F., that his injuries are getting worse, and that correctional officers are retaliating against him by tampering with his legal mail and subjecting him to unnecessary searches. Dkt. No. 11 at 1.  Plaintiff seeks a Court order enjoining defendants from assaulting him.  *Id.* at 2.  Plaintiff's second motion for a TRO restates the claims asserted in the amended complaint and requests a "restraining Order for [those past alleged constitutional] violations."  Dkt. No. 12 at 1-2.

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. N.Y.S. Dep't of Fin. Servs.*, 769 F.3d 105, 119 (2d Cir. 2014) (quoting *Lynch v. N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009)).

When the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is heightened.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (internal quotation marks omitted).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief."  *Cacchillo*, 638 F.3d at 406 (internal quotation marks omitted).

"'[T]he single most important prerequisite for the issuance of a preliminary injunction'" is a showing that the moving party will suffer irreparable harm.  *Bisnews AFE (Thailand) Ltd.*

*v. Aspen Research Grp. Ltd.*, 437 F. App'x 57, 58 (2d Cir. 2011) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)).  Speculative injury is not the province of injunctive relief.  *City of L.A. v. Lyons*, 461 U.S. 95, 111-12 (1983).  Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that, "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm."  *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks omitted).

The same standards used to review a request for a preliminary injunction govern consideration of an application for a TRO.  *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at *2 (E.D.N.Y. Jul. 31, 2008).  "'The purpose of a temporary restraining order is to preserve an existing situation in *statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction.'"  *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (quoting *Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n, PAA Chapter*, 306 F.2d 840, 842 (2d Cir. 1962)); *see also* 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2951, at 253 (2d ed. 1995) ("The [temporary restraining order] is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction[.]").

Plaintiff's first request for a TRO is denied because (1) it fails to demonstrate plaintiff is at risk of suffering irreparable harm , and (2) by requesting an order enjoining defendants to *not* assault him, he requests nothing more than an "obey the law" injunction courts disfavor. While plaintiff states that he fears for his life based on threats of assault, he has provided no

details describing any of those threats. Plaintiff cannot obtain the extraordinary relief a TRO provides with only a cursory and speculative allegation of fear.  Accordingly, plaintiff's first request for a TRO, Dkt. No. 11, is denied.

As for plaintiff's second motion for a TRO, as noted above, it provides no grounds for the relief plaintiff seeks because it merely restates, in summary fashion, the constitutional claims asserted in plaintiff's amended complaint.  It does not demonstrate irreparable harm, nor does it demonstrate likelihood of success on the merits or sufficiently serious questions going to the merits of the claims, which the Court has painstakingly analyzed above in Part II of this Decision and Order pursuant to Sections 1915 and 1915A.  Accordingly, plaintiff's second motion for a TRO, Dkt. No. 12, is also denied.

## IV.  <u>CONCLUSION</u>

Therefore, it is

ORDERED that

1.  The amended complaint (Dkt. No. 10-1) is **ACCEPTED for filing** and the Clerk of the Court is respectfully directed to file it as a separate docket entry and modify the docket to list the 22 defendants identified therein (including changing the spelling of the last name for defendant "Tyles");

2.  Only the following claims asserted in the amended complaint survive the Court's initial review pursuant to Sections 1915 and 1915A:

(1)     Eighth Amendment excessive force and failure to intervene claims asserted against defendants St. Louis, Hoit, Goyena, Dowd, Eli, Ballman, Castagnier, Morale, and Hanna;

(2)     Eighth Amendment deliberate medical indifference claims asserted against defendants Tyles and Corse;

(3)     Fourteenth Amendment equal protection claims asserted against defendants Castagnier and Ballman; and

(4)     First Amendment retaliation asserted against defendant Dowd;

3.  Except as to the foregoing, the remaining claims asserted in the amended complaint are **DISMISSED** pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1);

4.  Because there are no claims pending against them, the Clerk is respectfully directed to **TERMINATE** defendants Danforth, Barber, Pretty, Martin, Annucci, Rodgers, Trombley, Wilcox, Ojida, Bangari, and Bero from the docket as parties;

5.  In light of the length of plaintiff's amended complaint, combined with the number of defendants needing to be served with process by the United States Marshal Service (in light of plaintiff's IFP status), **plaintiff is directed to submit 11 copies of the amended complaint to the Court within 30 days of the date of this Decision and Order** for purposes of effectuating service of process;

6.  In lieu of copies, plaintiff may alternatively send a certified check (payable to the Clerk of the Northern District of New York) in the amount of $66.00, which constitutes the Court's copying fee ($0.50 per page) for generating 11 copies of the 12-page amended complaint;

7.  In the event plaintiff fails to timely file the required 11 copies of the amended complaint (or pay the copying fee) as directed above, the action will be dismissed without prejudice without further action of the Court;

8.  Upon receipt of the 11 copies of the amended complaint (or the copying fee) as directed above, the Clerk shall issue summonses and forward them, along with the copies of the amended complaint, to the United States Marshal Service for service of process on defendants St. Louis, Hoit, Goyena, Dowd, Eli, Ballman, Castagnier, Morale, Hanna, Tyles, and Corse.  The Clerk shall also forward a courtesy copy of the amended complaint and a copy of this Decision and Order on the Office of the New York State Attorney General;

9.  Upon service of process, defendants St. Louis, Hoit, Goyena, Dowd, Eli, Ballman, Castagnier, Morale, Hanna, Tyles, and Corse, or their counsel, shall respond to the amended complaint as provided for in the Federal Rules of Civil Procedure;

10.  Plaintiff's motions for temporary restraining orders (Dkt. Nos. 11, 12) are **DENIED**;

11.  All pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367;

12.  Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action;

13.  All parties must comply with Rule 7.1 of the Local Rules of Practice for the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court;

14.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and

15.  The Clerk serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice for this Court.

IT IS SO ORDERED.

Dated:  September 1, 2022
          Utica, New York.

David N. Hurd
U.S. District Judge