UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHAUNCEY GIRARD,

        Plaintiff,

  -against-

ST. LOUIS, et al.

        Defendants.

Case No. 9:22-cv-0339

**CONFIDENTIALITY STIPULATION AND ORDER**

  WHEREAS, document production herein includes confidential information protected under state or federal law, and may include other documents that contain sensitive or highly sensitive information, including without limitation information which, if disclosed, could jeopardize institutional security,

  NOW THEREFORE, it is hereby stipulated and agreed that:

1. <u>Definitions.</u> The following terms shall have the following meanings:

    a. "DOCCS" means the New York State Department of Corrections and Community Supervision.

    b. "Confidential Information" means documents or other materials produced pursuant to this Order which any producing party believes (a) are confidential under state or federal law, or (b) contain sensitive information requiring protection from general or public disclosure.

    c. "Attorneys' Eyes Only Information" means any documents or other materials produced by the Defendants which, for institutional safety and security reasons, should only be disclosed, either in verbal or written form, to counsel for the parties and their agents/employees. These documents include: (1) Maps and/or diagrams of DOCCS facilities; (2) DOCCS "D" Directives and any training materials based on "D" Directives; (3) records concerning weapons and chemical agents; and (4) fully unredacted Office of Special Investigation ("OSI") records.[1]

---

[1] Any OSI records containing Attorneys' Eyes Only Information shall be disclosed to Plaintiff's counsel as

2. Confidential and Attorneys' Eyes Only Information shall not be disclosed, except to the extent provided in this Order, and only to those persons enumerated in paragraph 9 below.

3. The parties acknowledge that the production of Confidential or Attorneys' Eyes Only Information pursuant to this Order shall not waive a party's right to withhold from production other material based on an assertion of any statutory or common-law privilege or waive any other party's right to contest any such assertion of privilege.

4. Nothing in this Stipulation and Order shall (a) be deemed to authorize or require the disclosure of mental health or medical information concerning any person, without that person's consent, pursuant to applicable state or federal law, or by court order, or (b) be deemed a waiver to for a party to seek such information.

5. All Confidential or Attorneys' Eyes Only Information shall be stamped or otherwise designated by the party producing the information prior to such production.

6. If a party believes another party designated a document as Confidential or Attorneys' Eyes Only that should not be treated as such, that party will promptly notify the producing party of their objection in writing. The parties will thereafter attempt to agree on the proper classification of the document. If the conflict cannot be resolved among counsel, the objecting party shall request the Court to remove the designation. Any such materials or information shall be treated by their initial designation, as marked by the producing party, until the parties resolve the conflict, or the Court issues its ruling regarding the conflict.

7. Inadvertent failure to designate Confidential or Attorneys' Eyes Only Information may be corrected by supplemental written notice and production, given as soon as practicable.

8. If the classification of a document changes, the producing party shall reproduce the

---

Confidential Information, with all Attorneys' Eyes Only Information redacted therefrom. Fully unredacted OSI records will be treated as Attorneys' Eyes Only.

document with stamping appropriate to its new status, without cost to the other party.

9. Access to Confidential and Attorneys' Eyes Only Information produced pursuant to this Order shall be limited to:

   a. the parties, to the extent the information is marked as Confidential only. Attorneys' Eyes Only Information may only be disclosed to counsel for the parties;

   b. respective counsel, and their employees, who have direct functional responsibility for the preparation or trial of this action, any appeal, or any proceeding to enforce any order of the Court;

   c. expert witnesses and expert consultants;

   d. witnesses and potential witnesses, except that Attorneys' Eyes Only Information may only be disclosed to counsel for the parties or experts they retain;

   e. court reporters, to the extent deemed necessary for the conduct of this litigation by the respective counsel for plaintiff or defendants;

   f. any witness or individual who has already seen said material or has participated in the creation of said material; and

   g. the Court.

10. Disclosure of Confidential or Attorneys' Eyes Only Information shall be limited to that information necessary in light of the purpose of such disclosure.

11. Any person who is given access to Confidential or Attorneys' Eyes Only Information produced pursuant to this Order shall be advised of and become subject to the provisions of this Order. Any person, with the exception of those identified in paragraph 9(a), 9(b), and 9(g) of this Order, shall, prior to receiving Confidential or Attorneys' Eyes Only Information, be provided with a copy of this Order and shall execute the annexed Certification.

10. Confidential and Attorneys' Eyes Only Information produced pursuant to the terms of this Order shall be used solely for the purposes of this action, and solely to the extent necessary for the litigation of this action. This provision does not limit the disclosure of this information in

any attendant Court of Claims action brought by the Plaintiff and arising from the same incidents and allegations in this matter, subject to the limitations of this Stipulation & Order.

11. No person receiving Confidential or Attorneys' Eyes Only Information pursuant to this Order shall disclose or discuss such Information in any manner or form, written or oral, to or with any person who is not entitled to receive such information pursuant to this Order.

12. In the event that counsel for any party determines in connection with any motion, pre-trial, or post-trial proceeding to file any materials that consist of, in whole or part, Confidential or Attorneys' Eyes Only Information produced pursuant to this Order, including deposition transcripts, such materials shall be submitted to the Court in a manner consistent with Local Rule 5.3, which governs the application procedure when seeking leave to file a document(s) under seal.

13. The designation of any documents as Confidential or Attorneys' Eyes Only pursuant to this Stipulation shall not, in and of itself, raise any inference as to the confidentiality of any information or documents marked for identification purposes or introduced in evidence at the trial of this action. Subject to the rules of evidence, Confidential or Attorneys' Eyes Only Information may be offered at trial or any Court hearing, provided that, except with respect to impeachment evidence, the proponent of the evidence shall include in its proposed pretrial order written notice of each such Confidential or Attorneys' Eyes Only item to be offered at trial and, in the event no pretrial order is required by the Court, the proponent shall give the other parties not less than 30 days prior written notice in advance of trial. Any party may apply to the Court for an order that the evidence be received in camera or under other conditions to determine what protection, if any, may be afforded to such information at trial. The failure to timely provide notice shall not prevent a party from requesting to use Confidential or Attorneys' Eyes Only information at trial if good cause is shown to exist. Subject to the provision above, any party may designate

any deposition, or portion thereof, Confidential or Attorneys' Eyes Only.

14. Nothing herein shall bar an individual from consenting to the disclosure of information regarding himself or herself, subject to the normal constraints of applicable law.

15. At the conclusion of this action, subject to exhaustion of any appeals, respective counsel shall destroy or return to the producing party all copies of any Attorneys' Eyes Only Information, except that Plaintiff's counsel may retain: (a) attorney work product that refers or related to Attorneys' Eyes Only Information; and (b) copies of all documents filed with the court, including those items filed under seal. Any Attorneys' Eyes Only Information retained by Plaintiff's counsel under this provision will remain subject to this Stipulation & Order.

16. The Court retains discretion, after hearing from the parties, whether to afford confidential treatment to any document or information submitted to the Court in connection with any motion, application, or proceeding that may result in an order or decision by the Court.

Dated: January 5, 2024

| RICKNER PLLC | LETITIA JAMES |
| | Attorney General of the State of New York |
| BY: *[signature]* | BY: *Olivia R. Cox* |
| Stephanie Panousieris | Olivia Cox |
| 14 Wall Street Suite 1603 | Assistant Attorney General |
| New York, New York 10005 | The Capitol |
| | Albany, New York 12224 |

SO ORDERED, this __9th__ day of __January__, 202_4_

*[signature]*
Thérèse Wiley Dancks
United States Magistrate Judge

## **CERTIFICATION**

I certify my understanding that Confidential Information and/or Attorneys' Eyes Only Information is being provided to me, as such terms are defined in, and pursuant to pursuant to the terms and restrictions of the Stipulation and Protective Order, dated _____ in *Girard v. St. Louis.*, 22-cv-0339, brought in the Federal District Court for the Northern District of New York. I further certify that I have read the Order and agreed to be bound by it.

I understand that all provisions of the Order restricting the communication or use of Confidential Information and Attorneys' Eyes Only Information, including but not limited to any notes or other transcripts made therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____, 202__

_____
NAME

_____
SIGNATURE