UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHAUNCEY GIRARD,

*Plaintiff,*

-against-                                              22-CV-0339

JOSEPH ST. LOUIS, *et al.*,                            AJB/TWD

*Defendants.*

---

## DEFENDANTS' TRIAL BRIEF

LETITIA JAMES
New York State Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

Olivia R. Cox
Assistant Attorney General
Bar Roll No. 703982                          Date: July 7, 2025

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 1

ARGUMENT .......................................................................................................................... 3

    POINT I ............................................................................................................................ 3

        PLAINTIFF WILL BE UNABLE TO ESTABLISH THAT PLAINTIFF
        WAS SUBJECTED TO EXCESSIVE FORCE IN VIOLATION OF THE
        EIGHTH AMENDMENT ............................................................................................ 3

    POINT II ........................................................................................................................... 5

    PLAINTIFF WILL BE UNABLE TO ESTABLISH THAT DEFENDANTS
        FAILED TO INTERVENE ........................................................................................... 5

    POINT III .......................................................... **ERROR! BOOKMARK NOT DEFINED.**

    DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY .................................. 6

CONCLUSION ....................................................................................................................... 8

## PRELIMINARY STATEMENT

Plaintiff, Chauncey Girard (Plaintiff), formerly an incarcerated individual in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), commenced this action against Defendants, Joseph St. Louis, Alan Gonyea, and Edward Hoit (Defendants), pursuant to 28 U.S.C. § 1983, alleging that Defendants violated his rights under the Eighth Amendment by using excessive force and/or failing to intervene to protect him from the infliction of excessive force. The credible and objective evidence introduced at trial will establish that Plaintiff was not subjected to any excessive use of force, and that Defendants' actions were appropriate under the circumstances and in accordance with their obligations under the Eighth Amendment. Finally, all claims against Defendants must be dismissed because they are entitled to qualified immunity.

## STATEMENT OF FACTS

On July 11, 2021, Plaintiff was under the custody of DOCCS and residing at Franklin Correctional Facility (Franklin), located in Malone, New York. At approximately 5:30 p.m., Defendant St. Louis was conducting security rounds in the K-2 Dorm at Franklin. As he was conducting his rounds, Defendant St. Louis walked into the incarcerated individuals' bathroom where he found Plaintiff sitting on the floor bleeding from an injury above his right eyebrow. Defendant St. Louis approached Plaintiff to ascertain his condition. Without any incident, Defendant St. Louis put the dorm "on the count" and brought Plaintiff to the TV room to separate him from the other residents on the dorm for security purposes. Defendant St. Louis then called Defendant Gonyea, the area sergeant, via state phone to report Plaintiff's injury and requested he respond to the K-2 Dorm.

Defendant Gonyea arrived on the unit in response to Defendant St. Louis' call and found Plaintiff sitting on a chair in the TV room with injuries consistent with a fight, namely a laceration

to the right eye. Plaintiff reported to Defendant Gonyea that he slipped and fell in the bathroom. Plaintiff was then frisked and after finding no contraband, he was escorted to the infirmary by Defendant Gonyea and non-party Officer Donahue. Defendant Gonyea directed a responding officer to conduct upper body checks on the unit to determine whether another individual displayed signs and symptoms of being in a fight. The upper body checks were negative and there were no witnesses to Plaintiff's injury. Defendant Gonyea also authorized an area search and no contraband was recovered. While on the unit, Defendant Gonyea interviewed several incarcerated individuals who had been in the rec room. All of these individuals denied observing Plaintiff fall and hit his head on the slop sink or fighting with another incarcerated individual.

Upon arriving at the infirmary where Defendant Hoit was stationed, Defendant Gonyea ordered photographs be taken of Plaintiff. Defendant Gonyea also asked Plaintiff to provide a statement for the injury report; however, Plaintiff refused. When Defendant Gonyea interviewed Plaintiff in the infirmary, Plaintiff stated again that he slipped and fell adding that he fell near the slop sink in the recreation room and mentioned that he believed other individuals saw him fall. When Defendant Gonyea told Plaintiff that none of the witnesses he interviewed saw him fall and asked him to provide him with actual names of witnesses, Plaintiff refused to cooperate. Defendant Gonyea concluded based on Plaintiff's injuries and his lack of cooperation, that Plaintiff was involved in a fight and may have been planning to retaliate. At no point did Defendant Hoit touch or otherwise assault Plaintiff while stationed in the infirmary.

After Plaintiff was examined by medical staff at Franklin, he was transported to Alice Hyde Medical Center for further treatment. There it was determined that he had sustained an orbital fracture to his right eye. After receiving stitches for the laceration above his right eye, Plaintiff was transferred to Albany Medical Center to be evaluated by specialists for his eye injury. Plaintiff

2

was discharged from Albany Medical Center on July 12, 2021, and was recommended to undergo outpatient surgery to repair the eye injury.

Contrary to Plaintiff's allegations, Defendants did not assault him in any manner. Defendant Gonyea issued Plaintiff an incarcerated misbehavior report charging him with the following violations: (1) Fighting (Rule 100.13); (2) Violent Conduct (Rule 104.11); and (3) False Information (Rule 107.20). Upon return to Franklin from receiving outside medical treatment, Plaintiff was confined to keeplock pending a hearing on the misbehavior report issued against him. Plaintiff was found guilty of all charges in the July 11, 2021 misbehavior report at his subsequent Tier Hearing.

## ARGUMENT

### POINT I

### PLAINTIFF WILL BE UNABLE TO ESTABLISH THAT PLAINTIFF WAS SUBJECTED TO EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT

"In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that some person acting under color of state law deprived him of a federal right." *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). "To hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

To sustain a claim of excessive force, a plaintiff must establish both the objective and subjective elements of an Eighth Amendment claim. *See Blyden v. Mancusi*, 186 F.3d 252, 262

(2d Cir. 1999). In order to satisfy the objective element, a defendant's conduct must be "inconsistent with the contemporary standards of decency." *Whitely v. Albers*, 475 U.S. 312, 327 (1986) (internal quotation marks omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (internal quotation marks omitted).

"The subjective component of the claim requires a showing that the defendant had the necessary level of culpability, shown by actions characterized by 'wantonness' in light of the particular circumstances surrounding the challenged conduct." *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009) (some internal quotation marks omitted). "When prison officials are accused of using excessive force, the 'wantonness' issue turns on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).

The substantive proof will reflect that, on October 28, 2020, Defendant St. Louis' conduct was consistent with the law and that at no time did he use any physical force on Plaintiff. The evidence will also reflect that Defendant Gonyea escorted Plaintiff to the infirmary without incident and, therefore, no use of force – excessive or otherwise – was used. As it relates specifically to Defendant Hoit, the evidence will show that at the time of the alleged incident Defendant Hoit was stationed in the infirmary and at no time did Defendant Hoit respond to a call at the K-2 Dorm. The evidence will demonstrate that when Plaintiff arrived to the infirmary for an evaluation where Defendant Hoit was stationed that Defendant Hoit did not use any force whatsoever on Plaintiff.

Overall, the proof will reflect that Plaintiff's interactions with Defendant St. Louis in the K-2 Dorm, escort to the infirmary, and examination in the infirmary on July 11, 2021 were uneventful and that no force was used by Defendants. Further, Plaintiff will be unable to establish that any Defendant possessed the wanton state of mind necessary to satisfy the subjective prong of an excessive force claim.

## POINT II

## PLAINTIFF WILL BE UNABLE TO ESTABLISH THAT DEFENDANTS FAILED TO INTERVENE

Liability under Section 1983 for failure to intervene can arise if: "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008), *aff'd in part and vacated in part*, 461 Fed. App'x 18 (2d Cir. 2012). "Failure to intervene claims are contingent upon the disposition of the primary claims underlying the failure to intervene claim." *Usavage v. Port Auth. Of New York & New Jersey*, 932 F. Supp. 2d 575, 599 (S.D.N.Y. 2013) (internal quotation marks omitted).

Here, the evidence will reflect that none of the Defendants had reason to know that Plaintiff was at risk of harm, or had a reasonable opportunity to intervene to protect Plaintiff. The proof will reflect that there was no use of force that occurred at the K-2 Dorm.

As it relates specifically to Plaintiff's claim that he was assaulted by Defendant Hoit in the infirmary, the evidence will reflect that Defendants St. Louis and Gonyea did not observe Defendant Hoit engage in excessive force. Further, neither Defendant St. Louis or Defendant Gonyea had an opportunity or reason to intervene because no force occurred.

## POINT III
## DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

"Under the doctrine of qualified immunity, a government official performing discretionary functions is shielded from liability for civil damages if his conduct did not violate plaintiff's clearly established rights or if it would have been objectively reasonable for the official to believe that his conduct did not violate plaintiff's rights." *Mandell v. County of Suffolk*, 316 F.3d 368, 385 (2d Cir. 2003). "Qualified immunity serves important interests in our political system, chief among them to ensure that damages suits do not unduly inhibit officials in the discharge of their duties by saddling individual officers with personal monetary liability and harassing litigation." *Provost v. City of Newburgh*, 262 F.3d 146, 160 (2d Cir. 2001) (internal citations and quotation marks omitted). "To lose immunity, an official must violate a right, the contours of which are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Drimal v. Tai*, 786 F.3d 219, 225 (2d Cir. 2015) (internal quotation marks omitted). "An officer's actions are objectively reasonable if officers of reasonable competence could disagree on the legality of the defendants' actions." *Ford v. Moore*, 237 F.3d 156, 162 (2d Cir. 2001) (internal quotation marks omitted). In addition, "qualified immunity protects government officials when they make 'reasonable mistakes' about the legality of their actions . . . ." *Doninger v. Niehoff*, 642 F.3d 334, 353 (2d Cir. 2011) (quoting *Saucier v. Katz*, 533 U.S. 194, 206 (2001)), *cert. denied*, 132 S. Ct. 499 (2011). "The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted).

"[I]t is well settled that a defendant may be entitled to qualified immunity even where he has used excessive force." *Henry v. Dinelle*, 929 F. Supp. 2d 107, 123 (N.D.N.Y. 2013), *aff'd*, 557 F. App'x 20 (2d Cir. 2014); *see also Lynch v. Barker*, No. 9:21-CV-0089, 2022 WL 17093420, at

6

*4-5 (N.D.N.Y. Nov. 21, 2022) (rejecting the plaintiff's contention that qualified immunity was unavailable to the defendants in a case involving Eighth Amendment claims of excessive force against prisoners) (citing *Stephenson v. Doe*, 332 F.3d 68, 77 (2d Cir. 2003) (observing that "[t]he Supreme Court has recently made clear that even officers who are found to have used excessive force may be entitled through the qualified immunity doctrine to an extra layer of protection from the sometimes hazy border between excessive and acceptable force.") (internal quotation marks omitted)); *Rodriguez v. Phillips*, 66 F.3d 470, 476 (2d Cir. 1995) ("While the right of an individual not to be subjected to excessive force in any context is 'clearly established' in the conventional sense, the . . . Supreme Court teaches that the facts and circumstances of each case must be examined to determine whether [the defendants are entitled to qualified immunity]." (internal quotations omitted)).

The doctrine of qualified immunity "strikes a balance between the need, on one hand, to hold responsible public officials exercising their power in a wholly unjustified manner and, on the other hand, to shield officials responsibly attempting to perform their public duties in good faith from having to explain their actions to the satisfaction of a jury." *Poe v. Leonard*, 282 F.3d 123, 131 (2d Cir. 2002) (internal quotation marks omitted). Based upon the above statements of the law and the facts which will be shown at trial, all Defendants are entitled to qualified immunity.

## CONCLUSION

For the reasons stated above, judgment should be entered in favor of Defendants and this action should be dismissed in its entirety, together with such other and further relief this Court shall deem just, proper, and equitable.

Dated: July 7, 2025
      Albany, New York

                               LETITIA JAMES
                               New York State Attorney General
                               Attorney for Defendants
                               The Capitol
                               Albany, New York 12224

                               By: _____
                               Olivia R. Cox
                               Assistant Attorney General
                               Bar Roll No. 703982
                               Telephone: 518-776-2607
                               Email: Olivia.Cox@ag.ny.gov

To:    Attorneys of Record via CM/ECF