UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHAUNCEY GIRARD,

                        *Plaintiff*,

    -against-

ST. LOUIS, et al,

                        *Defendants*.

Case No. 9:22-CV-0339 (AJB/TWD)

---

## MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*

LETITIA JAMES
New York State Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

Olivia R. Cox
Assistant Attorney General, of Counsel

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

    POINT I:    ANY REFERENCE TO DEFENDANTS' LIKELIHOOD OF BEING INDEMNIFIED SHOULD BE PRECLUDED ......................................... 1

CONCLUSION ............................................................................................................................. 3

**PRELIMINARY STATEMENT**

Defendants submit this memorandum of law in opposition to Plaintiff's motion *in limine*. ECF No. 91. Defendants seek only to address Point II in Plaintiff's motion *in limine* as all other points have already been fully addressed in Defendants' own motion *in limine*. ECF No. 85.

For the reasons previously set forth in Defendants' motion *in limine* and below, Plaintiff's motion *in limine* should be denied in its entirety.

**ARGUMENT**

**POINT I:   ANY REFERENCE TO DEFENDANTS' LIKELIHOOD OF BEING INDEMNIFIED SHOULD BE PRECLUDED**

Whether or not Defendants in this case will or will not be indemnified is a determination that has not yet been made. The state's duty to indemnify is governed by Public Officers Law § 17, which states in pertinent part:

> The state shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, or in the amount of any settlement of a claim, or shall pay such judgment or settlement; provided, that the act or omission from which such judgment or settlement arose occurred while the employee was acting within the scope of his public employment or duties; **the duty to indemnify and save harmless or pay prescribed by this subdivision shall not arise where the injury or damage resulted from intentional wrongdoing on the part of the employee**.

Public Officers Law § 17(3)(a) (emphasis added).

If Defendants are found liable in this matter, Plaintiff's allegations are the type in which intentional wrongdoing on the part of the employee could be found. Accordingly, Defendants may *not* be indemnified under Public Officers Law § 17. Contrary to Plaintiff's argument, ECF No. 91-1 at 8, the fact that Defendants stipulated that they were acting under color of state law does not guarantee their indemnification by the state of New York as made clear by the statute. Furthermore, Plaintiff is seeking punitive damages in this matter which by their very nature indicate intentional

1

wrongdoing, and any finding of such would preclude Defendants from being indemnified by the state.

Defense counsel does not intend to illicit any testimony regarding the Defendants' financial circumstances at trial. Any reference to Defendants' financial resources would only be appropriate at a subsequent hearing on punitive damages, if one is warranted. Thus, any mention of indemnification by Plaintiff at trial would be extremely prejudicial to the Defendants and would mislead the jury under Fed. R. Evid. 403. Furthermore, District Judges in the Northern District of New York have consistently held *in limine* to preclude plaintiffs from introducing evidence regarding indemnification by the state of DOCCS employees at trial. *See Coleman v. Durkin*, 585 F.Supp.3d 208, 216 (N.D.N.Y. 2022) ("The Court agrees with Defendants that, during the upcoming trial, indemnification would not be relevant to any issue before the jury and would run a significant risk of unfairly prejudicing Defendants."); *Diaz v. Smith*, 2023 WL 5627606, at *3 (N.D.N.Y. Aug. 31, 2023) ("The Court agrees with Defendants. Reference to potential indemnification would be unduly prejudicial and is entirely irrelevant. All references to indemnification or potential indemnification will be precluded."); *Encarnacion v. Olivo*, 2024 WL 896362, at *6 (N.D.N.Y. Mar. 1, 2024). *See also* Transcript of Final Pretrial Conference held on June 17, 2025, *Wood v. Provow*, 9:21-CV-107 (ECC), ECF No. 109, p. 43, ls. 2-9, excerpt attached as **Exhibit A.**

Accordingly, Plaintiff should be precluded from making any reference to Defendants being indemnified or potentially indemnified by the state in connection with any judgment in this action.

## CONCLUSION

By reason of the foregoing and prior filings, Plaintiff's motion in *limine* should be denied in its entirety.

Dated: Albany, New York
July 14, 2025

> LETITIA JAMES
> New York State Attorney General
> Attorney for Defendants
> The Capitol
> Albany, New York 12224
>
> By: _____
> Olivia R. Cox
> Assistant Attorney General, of counsel
> Bar Roll No. 703982
> Tel.: (518) 776-2607
> Email: Olivia.Cox@ag.ny.gov

To: Attorneys of Record via CM/ECF