UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHAUNCEY GIRARD,

        Plaintiff,

    -v-                              9:22-CV-339 (AJB/TWD)

ST. LOUIS *et al.*,

        Defendants.
_____

**Hon. Anthony Brindisi, U.S. District Judge:**

## **PRELIMINARY JURY INSTRUCTIONS**

**I.    INTRODUCTION**

Members of the jury—before we begin with opening statements, I am going to give you some preliminary instructions to guide your participation in the trial. I will instruct you in more detail after the parties have finished presenting all of their evidence. But for now, I want to explain how the trial will proceed and give you a brief overview of the claims.

**II.    DUTY OF THE JURY**

Your duty as jurors is to determine the facts of this case on the basis of the admitted evidence. You and only you will be the judges of the facts. You will have to decide what happened. Once you have determined the facts, you must follow the law as I state it, and apply the law to those facts.

If an attorney states a legal principle different from one that I state in these instructions or in my final instructions, it is my instructions that you are bound to follow—whether you agree with the law or not.

## III. TYPES OF EVIDENCE

The evidence from which you will find the facts consists of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts that the parties agree to, or stipulate to, or that I may instruct you to find.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as eyewitness testimony. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these and other matters at the end of the case, but keep in mind that you may consider both kinds of evidence during the trial.

Certain things are not evidence and must not be considered by you. I will list them for you now:

- Statements, arguments, and questions by lawyers are not evidence.

- Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the Rules of Evidence. You should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If I instruct you that some item of evidence is received for a limited purpose only, you must follow that instruction.

- Testimony that I have excluded or told you to disregard is not evidence and must not be considered.

- Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

## IV. BURDEN OF PROOF

As I mentioned to you during jury selection, this is a civil case brought by the plaintiff, Chauncey Girard, against three individual defendants: Joseph St. Louis, Edward Hoit, and Alan Gonyea. You must consider the claims asserted by plaintiff against each defendant separately. Plaintiff is entitled to an individualized assessment of the evidence in this case, and each defendant is entitled to a separate and individualized consideration of a defense.

Mr. Girard, as the plaintiff, bears the burden of proving his claims by what is called a preponderance of the evidence. This means that he must produce evidence that, considered in light of all the facts, leads you to believe that what he claims is more likely true than not. To put it differently, if you were to put the evidence favorable to plaintiff and the evidence favorable to a defendant on opposite sides of a scale, the evidence would have to make the scales tip, however slightly, in plaintiff's favor.

## V. STATEMENT OF THE CASE

At this point I'm going to give you a brief summary of the case to help you follow the evidence as you listen to the trial:

> Plaintiff Chauncey Girard brings claims of excessive force and failure to intervene pursuant to the Eighth Amendment of the United States Constitution for an incident that occurred on July 11, 2021, in Franklin Correctional Facility, where defendants were employed. Plaintiff, who was incarcerated at the time, alleges that he was subjected to excessive force by defendants Joseph St. Louis and Edward Hoit without penological justification, and that defendant Alan Gonyea failed to intervene in the alleged unlawful use of force by defendant Hoit. Defendants deny using any and/or observing anyone use force on plaintiff at any time.

## VI. CLAIMS ASSERTED

The law to be applied in this case is the federal civil rights law, Section 1983 of Title 42 of the United States Code. We often refer to that statute as "Section 1983." Section 1983 provides a remedy for person who have been deprived of their constitutional rights, or other federally protected rights, by officials acting under color of state law. To establish a Section 1983 claim, plaintiff must show, by a preponderance of the evidence, each of the following three elements:

*First*, that the acts complained of were committed by the defendant while acting under color of state law. In other words, the acts must have occurred while the defendant was acting, or purporting to act, in his official duties.

*Second*, that in committing those acts, the defendant deprived the plaintiff of a right secured by the Constitution or federal law. In this case, Mr. Girard alleges

that defendants St. Louis, Hoit, and Gonyea deprived him of his constitutional rights under the Eighth Amendment.

To prove his Section 1983 claims, plaintiff must prove that the defendant under consideration by you used physical force against him maliciously, for the purpose of causing harm, rather than in a good-faith effort to maintain or restore discipline, and that he suffered an injury as a result of that defendant's conduct.

In considering this issue, I instruct you that a corrections officer has a duty to intervene on behalf of a person whose constitutional rights are being violated by another officer in his presence. However, before an officer can be held liable for a failure to intervene on someone's behalf, you must first determine that the officer had a realistic opportunity to prevent the harm from occurring.

***Third***, that the defendant's acts were the proximate cause of the injuries or damages sustained by plaintiff. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.

I want to remind you that this is only a summary of plaintiff's Section 1983 claims. I will explain the elements of plaintiff's claims in more detail after the parties finish presenting their evidence. It is important to keep in mind that the instructions that I will give you at the <u>end</u> of this case are the ones that you must rely on in reaching your verdict.

## VII. CONDUCT OF THE JURY

The law requires jurors to follow certain instructions to ensure a fair trial. I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are <u>not</u> to discuss the case with anyone, not even amongst yourselves. If anyone approaches you and tries to talk to you about the case, either here in the courthouse or anywhere else, please let me know about it immediately.

I know that many of you use smart phones and other electronics to access the internet and communicate with others. During the trial, you are instructed not to use these or any other tools to discuss the issues in this case or to look up any information about the issues in this case. This includes your family and friends.

It is equally important that you do not read or listen to any news reports about the trial. I assure you that when you have heard all of the evidence, you will know more about this case than anyone will learn through the media—and it will be more accurate.

You can take notes during the trial if you want to. But keep in mind that it is difficult to take detailed notes and pay attention to what the witnesses are saying at the same time. If you do decide to take notes, be sure that your note-taking does not interfere with your ability to listen to the evidence. Your notes should not be

given to or discussed with anyone else. And if you do take notes, you must leave them with you in the jury room—do not take them home.

If you choose <u>not</u> to take notes, remember that it is your own individual responsibility to listen carefully to the evidence in this case. You cannot give this responsibility to someone who is taking notes. The law requires the judgment of all of the members of the jury to hear and consider all of the evidence in this case.

Finally, I wanted to explain the rules about cell phones. You can bring them with you into the jury room but you must leave them in the jury room when you go into the courtroom. When it's time to deliberate, you will leave your phones with the court security officer because the phones must remain outside the jury room until you finish your deliberations.

These rules are designed to help guarantee both parties a fair trial. The law sets forth serious consequences if these rules are not followed. But I trust that you understand and appreciate the importance of following these rules. And based on the oath you took as jurors, I know that you I can count on you to do so.

==Does anyone have any questions about what I've just covered?==

## VIII. COURSE OF THE TRIAL

The trial will begin in a moment. The parties will make opening statements, which are simply outlines to help you understand the evidence as it comes in. An opening statement is neither evidence nor argument. Next, plaintiff will start by

presenting his witnesses, and the counsel for defendants may cross-examine them. Following plaintiff's case, defendants may present witnesses whom the attorneys for plaintiff may cross-examine. After all the evidence is in, the lawyers for each side will present closing arguments to summarize and interpret the evidence for you. I will instruct you on the law and then you will retire to deliberate on your verdict.

      We will be in trial from about 9:30 a.m. to 4:30 p.m. each day. We will take a 15-minute break in the morning and a 15-minute break afternoon. We will also take about an hour break for lunch each day. In addition to these breaks, there may be other days and times when you are waiting to return to the courtroom. We will try our best to minimize those delays, but if you experience any please know that it is only because I needed to address certain legal matters before we can proceed.

[begin trial or take short break]